**E-FILED**
Wednesday, 07 October, 2015  02:25:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VINCENT TRIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3133 |
| | ) | |
| DR. ROBLES GONZALES, | ) | |
| GLENDA WORTLEY | ) | |
| | ) | |
| Defendants | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Robinson Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need.  The matter comes before the Court for ruling on Defendant Wortley's Motion for Summary Judgment.  (Doc. 84).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is incarcerated in the Illinois Department of Corrections.  On May 8, 2013, Plaintiff filed the present lawsuit alleging deliberate indifference to a serious medical need against several officials at Taylorville Correctional Center ("Taylorville").

Defendant Wortley is the Health Care Unit Administrator at Taylorville.  Her duties "include ensuring that the inmate population has access to health care services that is commensurate with the services offered in the free community."  Pl. AMF 1.

Defendant Wortley monitors the contract between the prison and the contracted medical provider (Wexford) and attempts to resolve issues with the inmates arising from medical care in her administrative capacity.  Wortley Dep. 10:18-12:2 (Doc. 88 at 13). Defendant Wortley does not provide medical treatment to inmates. Wortley Dep. 17:7-9 (Doc. 88 at 15).

Prior to his incarceration, Plaintiff suffered a back injury in 1993 that required surgery.  While incarcerated, Plaintiff alleges his back pain gradually became worse.  According to the medical records, Plaintiff was examined at least nine (9) times for back pain from July 2010 to October 20, 2011.  (Doc. 88 at 19-38).  He was referred to the physician in most instances.  Plaintiff was last examined by Defendant Robles Gonzales, the prison physician, on September 23, 2011.

The allegations against Defendant Wortley revolve around a meeting she had with Plaintiff on October 20, 2011.  At this meeting, Plaintiff expressed displeasure with the medical treatment he was then receiving from Defendant Robles Gonzales.  Plaintiff complained that Defendant Robles Gonzales should not have prescribed a particular medication because it was not allowed in

Plaintiff's housing unit (as a narcotic) and, according to Plaintiff's
independent medical research, it was not prescribed in the right
way.  (Doc. 1-1 at 7-11).  Plaintiff also disagreed with the
physician's statement that nothing was wrong.  Plaintiff stated that
he needed to be seen by an outside specialist.  (Doc. 88 at 38).

Defendant Wortley told Plaintiff that he should resolve these
concerns with Defendant Robles Gonzales as she (Wortley) had no
ability or authority to send Plaintiff to an outside specialist; those
decisions were reserved for the treating physicians and Wexford.
According to Plaintiff's notes of the meeting, Defendant Wortley
reviewed Plaintiff's medical charts and discussed the treatment that
Plaintiff was receiving.  (Doc. 1-1 at 7-11).  Plaintiff was advised to
make an appointment to see Defendant Robles Gonzales.

## ANALYSIS

To prevail on a claim for inadequate medical care, the Plaintiff
must show that the prison official acted with deliberate indifference
to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105
(1976).  Defendant Wortley does not dispute that Plaintiff suffered
from an objectively serious medical need.

Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm.  Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Nonmedical prison officials are generally not held constitutionally liable in cases where the official deferred to the judgment of the medical staff.  See Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) (nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" so long as the inmate's complaints are not ignored (citations omitted)); Hayes v. Snyder, 546 F.3d 516, 527 (7th Cir. 2008) (no deliberate indifference where nonmedical prison official investigated inmate's complaints and referred then to medical providers who could be expected to address the concerns); Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (no deliberate indifference where nonmedical prison official

referred inmate complaints to medical providers).  As the court in

Greeno explained:

> If a prisoner is under the care of medical experts ... a
> non-medical prison official will generally be justified in
> believing that the prisoner is in capable hands. This
> follows naturally from the division of labor within a
> prison. Inmate health and safety is promoted by dividing
> responsibility for various aspects of inmate life among
> guards, administrators, physicians, and so on. Holding a
> non-medical prison official liable in a case where a
> prisoner was under a physician's care would strain this
> division of labor.

Greeno, 414 F.3d at 656 (quoting Spruill v. Gillis, 372 F.3d 218,

236 (3d Cir. 2004)).  In other words, "the law encourages non-

medical security and administrative personnel at jails and prisons

to defer to the professional medical judgments of the physicians and

nurses treating the prisoners in their care without fear of liability

for doing so."  Berry, 604 F.3d at 440.

Defendant Wortley was not Plaintiff's treating physician, nor

was she responsible for providing medical treatment to inmates.  At

the time Plaintiff complained about his treatment, Plaintiff was

under the care of Defendant Robles Gonzales.  Plaintiff had received

pain medication, diagnostic tests, and he had access to healthcare

professionals at any time he requested.  Plaintiff's notes indicate

that Defendant Wortley reviewed Plaintiff's medical charts on or about the time of the October 20, 2011 meeting and confirmed that Plaintiff was receiving treatment for the back injury.

The cases cited above do not stand for the proposition that Defendant Wortley was required to perform a medical review of Plaintiff's treatment or order a second opinion upon Plaintiff's complaints.  Once Defendant Wortley confirmed that Plaintiff was not denied access and that he was receiving medical treatment, Defendant Wortley was permitted to defer to the physician's medical judgment.  Therefore, the Court finds that no reasonable juror could conclude that Defendant Wortley was deliberately indifferent to Plaintiff's serious medical need.

**IT IS THEREFORE ORDERED:**

1) **Defendant Wortley's Motion for Summary Judgment [84] is GRANTED.  Clerk is directed to dismiss Defendant Wortley with prejudice.**

ENTERED:       October 7, 2015

FOR THE COURT:


_____
*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE